**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 14 C 106 |
| | ) | |
| RAMON FAVELA | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ramon Favela pled guilty to a charge of distribution of heroin under 18 U.S.C. § 841, and the Court imposed a sentence of sixty-six months in November 2012. Just prior to his sentencing here, Favela pled guilty in state court to charges of drug possession with intent to deliver and unlawful use of a weapon by a felon. The resulting state conviction and sentence gave Favela more than one criminal history point under the federal Sentencing Guidelines. This eliminated his chance for a "safety valve" sentence reduction below the five-year mandatory minimum sentence under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Favela subsequently filed a petition for post-conviction relief in Illinois state court, asking to vacate the judgment in the state criminal case. The petition was granted in December 2013. As a result, Favela's state court guilty plea, conviction, and sentence were vacated.

Favela has filed a motion under 28 U.S.C. § 2255, alleging that the vacating of his state court conviction entitles him to a resentencing in the present case. For the reasons stated below, the Court grants Favela's motion.

**Facts**

Favela was indicted in January 2012 on one count of heroin distribution and one count of heroin possession. In March 2012, he participated in an interview with the government for purposes of the safety valve provision of the sentencing statute and the Guidelines. In August 2012, he pled guilty one count of heroin distribution.

The Court held a sentencing hearing on November 13, 2012. At the hearing, Favela's counsel acknowledged that Favela had very recently pled guilty to separate crimes in state court and had been sentenced. The parties agreed that the state sentence increased Favela's criminal history point total under the Guidelines by three points, to a total of four points, and that as a result he was in Guidelines criminal history category III. The Court observed that "the guilty plea basically eliminates the availability of the safety valve" and that the mandatory minimum of five years for Favela's offense therefore applied. Sent. Hrg. Tr. at 6, 25.

At the sentencing hearing, the Court declined to address the government's argument that Favela had not been truthful at his earlier safety valve interview. The Court noted that the safety valve did not apply to Favela's sentence because of the recent state court sentence and stated that a decision on factual issues underpinning the safety valve issue would amount to an advisory opinion. "[I]f the safety valve doesn't apply," the Court said, "it's not an issue. If something happens at some later point in time that brings the case back in front of me, who knows if that's even going to happen. If it does, I'll decide it then." *Id.* at 10.

The Court concluded that Favela's offense level was twenty-five. This, together with his criminal history category of III, made the advisory range under the Sentencing

2

Guidelines seventy to eighty-seven months. The Court imposed a sentence of sixty-six months.

In September 2013, Favela filed a petition for post-conviction relief in the Circuit Court of Cook County. He alleged that his guilty plea was not knowing and voluntary because of his trial counsel's ineffective assistance in advising him in connection with the plea. The judge in Favela's state court case granted the petition and vacated Favela's plea, conviction, and sentence in December 2013. Favela filed his section 2255 motion in this Court in January 2014.

## Discussion

A federal prisoner may seek to vacate his sentence under 28 U.S.C. § 2255

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). Favela seeks a new sentencing because "the predicate state conviction that enhanced the Defendant's federal sentence [has been] vacated." Def.'s Mem. at 3 (citing *Johnson v. United States*, 544 U.S. 295 (2005)).

The government makes three arguments in response. First, it contends that Favela has defaulted his claim, because he should have made it on direct appeal. Second, the government argues that Favela cannot show prejudice to excuse the default, because he lied in his safety valve proffer with the government and that this would preclude application of the safety valve even if it applied. Finally, the government argues that Favela's ineligibility for a safety valve reduction at his federal sentencing is not the sort of issue that permits relief under 28 U.S.C. § 2255.

## A. Procedural default

The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A section 2255 claim is procedurally defaulted if the claim "could have been raised at trial or on direct appeal." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). The government argues that Favela could have made on direct appeal the argument that he makes in his section 2255 motion.

Favela did not appeal his federal sentence. But he could not have based a direct appeal on the state court's decision to vacate his state sentence and conviction, which is the predicate for his section 2255 motion. The time for Favela to file a notice of appeal from his federal sentence expired in December 2012, but his state sentence and conviction were not vacated until much later, in December 2013.

The government nonetheless argues default on the basis that Favela "was aware of the issues surrounding the plea" in his state case in November 2012 yet chose not to withdraw the state plea at that time. Gov't Resp. at 8–9. The government contends that Favela "chose not to file a motion in state court to vacate that conviction on grounds of ineffective assistance of counsel (the basis for the instant § 2255 petition) until September 2013—more than nine months after the time for a direct appeal in this federal matter had lapsed." *Id.* at 9.

The Seventh Circuit has observed that arguments "requir[ing] development of facts outside the record . . . are more properly presented in a § 2255 petition" than on direct appeal. *United States v. Rosario*, 234 F.3d 347, 352 (7th Cir. 2000). Favela's current claim meets this description. His state case was a separate proceeding, and it

4

was resolved in his favor long after his federal appeal window closed. The government does not cite any authority for the proposition that a defendant defaults his section 2255 claim if he failed to file—and win—a state claim on the same issue prior to the closing of his window for appeal of his federal case. It also presumes that if he had filed the post-conviction petition earlier, he would have been successful within the fourteen-day period permitted for filing a notice of appeal of a criminal judgment in federal court. That is highly unlikely, to say the least.

Considering the lack of authority for the government's position, and the fact that Favela's claim here arose after his window for direct appeal closed, the Court concludes that he did not default the claim he makes in his 2255 motion. Because there is no default, the Court declines to consider the government's argument that Favela cannot show prejudice to excuse a default of his claim because he would not have qualified for a safety valve reduction in any event. That issue is appropriately reserved for Favela's resentencing.

**B.    Application of section 2255**

In a lengthy footnote—but only in a footnote—the government argues that Favela cannot obtain relief under section 2255. The government contends that the error Favela claims does not amount to "a jurisdictional error or constitutional violation" and that it was not otherwise "a fundamental defect resulting in a complete miscarriage of justice." Gov't Resp. at 9 n.4. It bases this argument on the contention that Favela was ineligible for a safety valve reduction "because of an incomplete and untruthful interview with the government." *Id.*

The Supreme Court has held in the section 2255 context "that a defendant given

a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Johnson*, 544 U.S. at 303; *see also Custis v. United States*, 511 U.S. 485, 497 (1994) (holding that if a defendant "is successful in attacking [his] state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences"); *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008) (noting *Johnson* held "that the post-sentencing vacatur of a state conviction that affected the federal sentence may in principle support relief under § 2255"). These statements are straightforward. Nonetheless, the government argues in its footnote that Favela does not allege "a fundamental defect resulting in a complete miscarriage of justice" and thus cannot pursue his claim via section 2255. Gov't Resp. at 9 n.4 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).[1]

To support its argument that Favela's claim is not an appropriate section 2255 claim, the government cites an unreported Eleventh Circuit case. *See Ayuso v. United States,* 361 F. App'x 988 (11th Cir. 2010). There, the defendant argued it was error for the court to find he was not eligible for a safety valve reduction because it assigned him a criminal history point based on his pleading *nolo contendere* to a prior state offense. *Id.* at 989. The court held this claim was not cognizable under section 2255. *See id.* at 991–92. Favela convincingly argues, however, that even in the Eleventh Circuit, *Ayuso* has been superseded by *Johnson* and other Eleventh Circuit cases that have acknowledged the propriety of such a claim under *Johnson*. *See, e.g.*, *Stewart v.*

---

[1] *Addonizio* came several years before *Johnson*, and though it cites *Addonizio*, the government acknowledges that, "[t]o be sure, a petitioner may challenge his federal sentence pursuant to 28 U.S.C. § 2255 when a state conviction that was used to enhance his federal sentence has been subsequently vacated, including because of ineffective assistance of counsel." Gov't Resp. at 8 (citing *Johnson*, 544 U.S. at 302–04; U.S.S.G. § 4A1.2, App. Note 6).

6

*United States*, 646 F.3d 856, 858–59 (11th Cir. 2011) ("*Johnson* established that the basis for a claim challenging a sentence predicated on faulty state convictions arises when the order vacating those predicate convictions issues."). Furthermore, *Ayuso* dealt with a defendant who agreed to plead *nolo contendere* to a charge in exchange for vacating his conviction on the charge, which the Eleventh Circuit had previously held warranted a criminal history point—a fact not at issue in Favela's case. *See Ayuso*, 361 F. App'x at 991 (citing *United States v. Rockman*, 993 F.2d 811, 813–14 (11th Cir. 1993)). The Court declines to consider *Ayuso* as persuasive authority.

Favela cites *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011), where the court held that a defendant was entitled to section 2255 relief because "his period of incarceration exceeds that permitted by law and constitutes a miscarriage of justice." In *Narvaez*, the court decided that two recent Supreme Court decisions changed the definitions of the defendant's state crimes. Because his federal sentence had been enhanced by his state convictions, the court held that a reduction in that sentence was appropriate under section 2255. *Id.* at 624–25. Although the government argued that the length of the defendant's sentence based on this issue was not a miscarriage of justice, the Seventh Circuit disagreed. After surveying Supreme Court cases on "whether a non-constitutional, non-jurisdictional error is a miscarriage of justice," the court observed that "misapplication of the career offender status—which increased Mr. Narvaez's sentencing range—is certainly a substantive error." *Id.* at 627 n.11. This conclusion was in line with *Johnson*, and it supports the notion that the Court may consider a section 2255 claim based on a sentencing enhancement based on a state court conviction and sentence that was later vacated.

Finally, as noted above, the government argues that section 2255 is not an appropriate vehicle for relief because, it contends, Favela was untruthful and provided incomplete information at his safety valve proffer. Because of this behavior, the government contends, Favela did not suffer a complete miscarriage of justice at his sentencing. As also noted above, the Court the government's factual contentions are better reserved for consideration at Favela's resentencing.

The Court concludes that the government is incorrect in contending that Favela's claim cannot be addressed in the section 2255 context. Under *Johnson*, Favela's claim has merit and warrants vacating his sentence and ordering a new sentencing hearing.

## Conclusion

For the reasons stated above, the Court grants Favela's motion to vacate his sentence under 28 U.S.C. § 2255 [docket no. 1] and directs the Clerk to enter judgment granting the motion. The judgment in Case No. 11 CR 876, entered on the docket on November 13, 2012, is hereby vacated. The Court will enter a separate order in that case setting it for a status hearing in order to set a new sentencing date. If counsel in the present case will be representing Favela on resentencing, he should promptly file an appearance in the criminal case.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 28, 2014